UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL R. CHAMBERS (#121816)                     CIVIL ACTION

VERSUS

BURL CAIN, WARDEN                                      NO. 13-0071-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 22, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL R. CHAMBERS (#121816)**                    **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN**                                         **NO. 13-0071-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  There is no need for oral argument or for an evidentiary hearing.

The pro se petitioner, Michael R. Chambers, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, challenges his continuing confinement arguing that he is entitled to be released on good-time supervision.  The petitioner contends that in May, 2004, he completed a sentence imposed in 1985 for carnal knowledge of a juvenile but remained incarcerated at that time in connection with a subsequently-imposed 20-year consecutive sentence entered in 1992 for armed robbery.  He complains that he thereafter reached his good-time release date in connection with the armed robbery sentence in March, 2009, but prison officials have refused to release him because he has not met the statutory requirement that a convicted sex-offender provide an approved "residence plan" before being granted a good-time release.  The petitioner asserts that he has a liberty interest in release under the good-time statute

---

   1. The petitioner filed the instant proceeding on a form for the assertion of claims brought pursuant to 28 U.S.C. § 2254, but his claim is more properly presented as a claim challenging the manner in which his criminal sentence is being served under 28 U.S.C. § 2241.

and that the "residence plan" requirement imposed by La. R.S. 15:574.4.3(E)(1) violates his right to equal protection under the law.

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required first to exhaust his claims by presenting them for review before the courts of the state in which he is confined.  The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack.  Bufalino v. Reno, 613 F.2d 568, 570 (5th Cir. 1980).  As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts.  Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982).  Although 28 U.S.C. § 2241 contains no statutory requirement for exhaustion like that found in 28 U.S.C. § 2254(b), exhaustion of state remedies has been held to be a necessary prelude to the invocation of § 2241.  See Robinson v. Wade, 686 F.2d 298, 303 (5th Cir. 1982), citing Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973), cert. denied, 421 U.S. 999, 95 S.Ct. 2396, 44 L.Ed.2d 666 (1975).

A district court may notice on its own motion a petitioner's failure to exhaust state court remedies.  McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).  Without reaching the merits of the petitioner's claims, it is clear from a review of his application that he has not exhausted state court remedies as mandated by federal statute.  Specifically, the petitioner concedes that whereas he asserted the instant claim in an administrative grievance filed with prison officials pursuant to the Louisiana Corrections Administrative Remedy Procedure, he did not thereafter pursue his claim by filing for review before the courts of the state of Louisiana.  It therefore appears clear that the petitioner's claim for relief must be denied and his application dismissed, without prejudice to later application upon exhaustion of state court remedies.

In apparent anticipation of the possibility that the issue of exhaustion of state court remedies would arise in this case, the petitioner argues in the instant application that state court exhaustion was not available to him and that he had no remedy beyond completion of the second and final step of the prison administrative remedy process.  He asserts that he could not thereafter proceed in state court in connection with his claim, relying upon a contrived interpretation of the Louisiana Revised Statutes relative to the prison administrative remedy process.  His interpretation is incorrect.

The Louisiana Corrections Administrative Remedy Procedure is addressed in Part XV of Chapter 7 of Title 15 of the Louisiana Revised Statutes, La. R.S. 15:1171, et seq.  As pertinent to the issue before the Court, La. R.S. 15:1171(B) provides that the Louisiana Department of Public Safety and Corrections is authorized to adopt an administrative remedy procedure to address and dispose of "any and all complaints and grievances by adult or juvenile offenders against the state, ... the department or any officials or employees thereof ... which arise while an offender is within the custody or under the supervision of the department."  The referenced statute further provides that "[s]uch complaints and grievances include but are not limited to any and all claims seeking monetary, injunctive, declaratory or any other form of relief authorized by law and by way of illustration includes actions pertaining to ... time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations policies, or statutes."   Upon adoption, the administrative remedy procedure shall constitute the remedy available to offenders "for the purpose of preserving any cause of action they may have against the State of Louisiana, the Department ... or its employees," La. R.S. 15:1172(A), and in the event that an offender fails to timely initiate or pursue his administrative remedies, "his claim is abandoned, and any subsequent suit asserting such a claim shall be dismissed with prejudice," La. R.S. 15:1172(C).

In addition, La. R.S. 15:1176 reiterates that, "[b]efore any cause of action may be heard in any state or federal court, administrative remedies must be exhausted under the procedure authorized by this Part [XV]." Finally, and most importantly for purposes of the instant proceeding, La. R.S. 15:1177(A) provides that, upon completion of administrative proceedings within the prison system, an inmate "may seek judicial review ... in the Nineteenth Judicial District Court" and "may appeal a final judgment of the district court to the appropriate court of appeal."

In light of the provisions of the above-referenced statutes, the petitioner first asserted his claim in a request for administrative remedy filed with prison officials at the Louisiana State Penitentiary in May, 2012, in compliance with the exhaustion requirement stated above. Prison officials denied the petitioner's grievance in a First Step denial on June 7, 2012, and the petitioner thereafter administratively appealed that decision to the Secretary of the Louisiana Department of Public Safety and Corrections. On June 28, 2012, the petitioner received a Second Step denial in connection with his grievance, thereby completing the internal administrative procedures relative to his claim. It does not appear that the petitioner thereafter sought any judicial review in connection with these determinations.

In arguing that, upon completion of administrative proceedings at the Second Step level, the petitioner could not proceed in state court for any further review relative to his claim, he points to La. R.S. 15:1181, which statute provides certain definitions applicable to a separate Part of Title 15 of the Louisiana Revised Statutes, Part XVI, entitled the Louisiana Prison Litigation Reform Act, set forth at La. R.S. 15:1181, et seq. In a somewhat confusing argument, the petitioner seems to assert that since La. R.S. 15:1181(2) defines "prisoner suit[s]" under that Part as "not includ[ing] post conviction relief or habeas corpus proceedings challenging the fact

or duration of confinement in prison," his claim could not be asserted in state court because the claim was not a "prisoner suit" under the Act.

The petitioner's reliance on this provision is misplaced.  Contrary to the petitioner's assertions, Louisiana courts have implicitly recognized that claims such as those made by the petitioner herein may in fact be pursued in state district court through the filing of a petition for judicial review after completion of the prison administrative process and may thereafter be asserted in the state appellate courts.  See Davis v. LeBlanc, 2012 WL 6678141 (La. App. 1st Cir., Dec. 21, 2012) (affirming, on appeal, the substantive dismissal of an inmate's petition for judicial review filed in state district court, wherein the inmate argued, similar to the petitioner's argument herein, that he was being held beyond his good-time release date while awaiting approval of a sex-offender residence plan); Kozlowicz v. State, Department of Public Safety & Corrections, 9 So.3d 1000 (La. App. 1st Cir. 2009) (same).  See also McKay v. LeBlanc, 2011 WL 864861 (W.D. La. 2011) (noting that the inmate plaintiff needed to exhaust state court remedies before seeking federal habeas review relative to his claim regarding sex-offender residence requirements, and describing the procedure that the inmate needed to follow to exhaust such remedies in the state courts); Ebarb v. Stalder, 2007 WL 4300230 (W.D. La. Oct. 2, 2007) (dismissing as unexhausted a federal habeas corpus claim similar to that asserted herein relative to the Louisiana residence requirements, which claim, as here, had been pursued through the prison administrative process but had not been exhausted through the state courts).  Based on the foregoing, it appears clear that the petitioner has not shown that state court exhaustion was unavailable to him under Louisiana law or that he properly pursued and exhausted his claim through the state courts.  Accordingly, his application is subject to dismissal for failure to exhaust state court remedies.

RECOMMENDATION

It is recommended that the petitioner's application for a writ of habeas corpus be dismissed, without prejudice to later application upon exhaustion of state court remedies.

Signed in Baton Rouge, Louisiana, on May 22, 2013.

                                      **RICHARD L. BOURGEOIS, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**